Amber Spataro, Esq. (N.J. Bar No. 036892008)
Jessica Pooran, Esq. (N.J. Bar No. 336962021)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
National Railroad Passenger Corporation.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH H. SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORP., A/K/A AMTRAK,<br><br>Defendant. | Civil Action No. 1:23-cv-23307<br><br>**NOTICE OF REMOVAL**<br><br>**Electronically Filed** |

**TO:   THE CLERK AND THE HONORABLE JUDGES
       OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY**

Defendant National Railroad Passenger Corporation a/k/a Amtrak ("Defendant") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Law Division, Camden County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89, and states:

**STATE COURT ACTION**

1. Plaintiff Joseph H. Spencer ("Plaintiff") commenced this action on October 17, 2023 by filing a Complaint in the Superior Court of New Jersey, Law Division, Camden County, captioned *Joseph H. Spencer v. National Railroad Passenger Corp. a/k/a Amtrak*, bearing Docket No. CAM-L-002911-23 ("the State Court Action"). In his Complaint, Plaintiff

asserts claims of disability discrimination arising under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. § 10:5-1, et seq. and the Americans with Disabilities Act. Attached as **Exhibit 1** is a copy of Plaintiff's Complaint and the attachments thereto. **Exhibit 2** is a copy of the Notice to Adverse Parties of Filing Notice of Removal.

2. Defendant was served with a copy of Plaintiff's Complaint on November 28, 2023.

3. The aforementioned documents constitute all "process, pleadings and orders" served upon Defendant in the State Court Action pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

4. This Notice of Removal is timely filed within 30 days of November 28, 2023, the date on which service was effectuated, as required by 28 U.S.C. § 1446(b).

5. This Notice of Removal is also filed within one year of the commencement of the State Court Action, and is therefore timely under 28 U.S.C. § 1446(c)(1).

## GROUNDS FOR REMOVAL

6. Defendant removes this action based on original jurisdiction under 28 U.S.C. §§ 1331, 1349.

## ORIGINAL JURISDICTION AS A FEDERALLY-CHARTERED STOCK CORPORATION

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1349, as Defendant is a federally-chartered stock corporation, and the United States owns more than one-half of Defendant's capital stock. *See* 49 U.S.C. §§ 24301, *et seq.*; *Hollus v. Amtrak Ne. Corridor*, 937 F. Supp. 1110, 1113-14 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997) ("Because a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over any action involving Amtrak.").

8. Defendant may properly remove the case pursuant to 28 U.S.C. §§ 1331, 1349, 1441(a), and 1446 because this is a civil action inappropriately brought in state court but over which the district courts of the United States have original jurisdiction.

## VENUE

9. This Notice of Removal has been filed in the United States District Court for the District of New Jersey, i.e., the District and Division within which the State Court Action is pending, as required by 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a).

## NOTICE TO PLAINTIFF AND STATE COURT

10. Upon filing this Notice of Removal, Defendant gave written notice thereof to Plaintiff's counsel, Mr. William J. Fox, Esq., Law Offices of William J. Fox, P.C., 1626 Pine Street, Philadelphia, PA 19103, pursuant to 28 U.S.C. § 1446(d).

11. Defendant also filed a copy of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Camden County, pursuant to 28 U.S.C. § 1446(d).

12. By filing this Notice of Removal, Defendant does not waive any objections or defenses available at law, in equity, or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

13. If the Court should be inclined to remand this action, Defendant respectfully requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant with an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

14. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

## RELIEF REQUESTED

15. Defendant respectfully requests that the United States District Court for the District of New Jersey assume jurisdiction over this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully requests that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Camden County, to the United States District Court for the District of New Jersey.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
National Railroad Passenger Corporation,

By:   */s/ Amber Spataro Esq.*
         Amber Spataro, Esq.
         Jessica Pooran, Esq.

Dated: December 22, 2023

4880-4514-4471.1

# EXHIBIT 1



*LAW OFFICES*

**WILLIAM J. FOX, P.C.**

Member PA & NJ Bar

1626 Pine Street
Philadelphia, PA 19103
Tel: (215) 546-2477
Fax: (215) 546-4698

November 27, 2023

Eleanor D. Acheson, Esquire
Chief Legal Officer & General Counsel
National Railroad Passenger Corp.
1 Massachusetts Avenue, NW
Washington, D.C. 20001

   Re: Joseph Spencer v. National Railroad Passenger Corp. (Amtrak)

Dear Ms. Acheson:

  Enclosed find the Summons and Complaint with regard to the above-captioned matter.

            Very truly yours,

            WILLIAM J. FOX

Enclosure
Sent Via U.S. Certified Mail
No. 7022 1670 0003 2911 6964

## SUMMONS

Attorney(s) William J. Fox, Esquire
Office Address 1626 Pine Street
Town, State, Zip Code Philadelphia, PA 19103

Telephone Number (215) 546-2477
Attorney(s) for Plaintiff Joseph Spencer

JOSEPH SPENCER

Plaintiff(s)

vs.

NATIONAL RAILROAD PASSENGER CORP., A/K/A AMTRAK

Defendant(s)

**Superior Court of New Jersey**

Camden  County
Law  Division
Docket No: L-002911-23

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

_/s/ Michelle Smith_
Clerk of the Superior Court

DATED: 11-27-23

Name of Defendant to Be Served: National Railroad Passenger Corp., A/K/A AMTRAK

Address of Defendant to Be Served: 1 Massachusetts Avenue, NW, Washington, D.C. 20001

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney Id. 019161993
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477

Attorney for Plaintiff

JOSEPH H. SPENCER
934 Newbrooklyn-Earil Road
Earil, NJ 08081

        Plaintiff

v.

NATIONAL RAILROAD
PASSENGER CORP., A/K/A AMTRAK
1 Massachusetts Avenue, NW
Washington, D.C. 20001

        Defendant

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
CAMDEN COUNTY

## CIVIL ACTION COMPLAINT

Plaintiff, Joseph H. Spencer, by and through his attorney, William J. Fox, Esquire, hereby brings this Complaint against the above-captioned Defendant. This matter arises under the New Jersey Law Against Discrimination ("LAD") codified at N.J.S.A.§ 10:5-1, et seq, and Americans With Disabilities Act, As Amended, prohibiting discrimination and harassment on the basis of disability and retaliation for engaging in protected activity.

### PARTIES

1. Plaintiff, Joseph H. Spencer, is an employee of Defendant, National Railroad Passenger Corp., commonly known as AMTRAK at all times relevant to this matter and resides at the above-captioned address.

2. Defendant, National Railroad Passenger Corp. a/k/a Amtrak (hereinafter referred to as "Amtrak"), is a business that engages in an industry affecting commerce in the State of New

1

Jersey, and employs more than twenty-five (25) regular employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year. Additionally, said Defendant, at all times pertinent hereto, was the employer of Plaintiff.

## FACTS

3. In May of 2018, Plaintiff was hired by Defendant as a Repairman's Helper and, after completing 90 days of employment, he became a Repairman.

4. Plaintiff suffers from disabilities that substantially limit his major life activities such as seeing, sleeping and working.

5. At the time that Plaintiff was hired, Defendant was aware his visual impairment but hired Plaintiff anyway.

6. Plaintiff is able to perform all of the duties of Repairman, which includes welding and fabricating.

7. At all times relevant, Plaintiff's supervisor, Todd Smith, was aware that Plaintiff suffered from the disability of visual impairment.

8. At all times relevant, Plaintiff performed his duties at or above expectations.

9. In April of 2021, Plaintiff was required to take eight weeks of FMLA leave due to a serious medical condition of his right hand, which required surgery.

10. When Plaintiff returned to work, he was informed that his position at the Wilmington, Delaware shop was eliminated.

11. Between June and September of 2021, Plaintiff handled the position of mechanic at the Adams Base in North Brunswick New Jersey and was assigned to a position at the Penn Station in New York.

2

12. On the first day that Plaintiff began to work at Penn Station, he was told to go home because he was unable to handle certain job duties due to his visual impairment.

13. In September of 2021, Plaintiff made a formal request for an accommodation to work at a job that he could perform with his visual impairment.

14. When Plaintiff was assigned to the job of Repairman, he performed his job duties at a high level.

15. Though his job as a Repairman was allegedly eliminated, other employees, who did not have disabilities, continued to perform the jobs of welding and fabricating through the end of 2021. In fact, the Shop was so busy with welding and fabrication work that overtime was offered to the Amtrak employees through the end of 2021.

16. At the time Plaintiff's job was allegedly eliminated, he was the most experienced welder and fabricator at the shop.

17 From September 21, 2021 until January of 2022, Plaintiff was out of work even though there was work available.

18. In or around late January/early February of 2022, Plaintiff returned to his job as a Repairman and continues to perform his job with competence at a high level.

19. At all times relevant, Defendant had a job position for Plaintiff but did not place Plaintiff in these available positions.

20. Defendant's action in discharging Plaintiff from working as a Repairmen in the position of welder and fabricator between June of 2021 and January of 2022, constitutes disability discrimination and retaliation.

21. Any reasons offered by Defendant to justify its aforesaid actions are false and

3

constitute a pretext.

22. Defendant's aforesaid actions violate the A.D.A.A. and LAD.

## COUNT I - DISABILITY DISCRIMINATION - LAD

23. Plaintiff hereby incorporates by reference paragraphs 1 through 22 of this Complaint as though same were fully set forth at length herein.

24. As hereinbefore alleged, Plaintiff suffers from disabilities that substantially limit his major life activities.

25. Defendant knew of Plaintiff's disability when Plaintiff was hired.

26. Between June of 2021 and January of 2022, Defendant knew of Plaintiff's disability and failed to interact with Plaintiff and provide him with the accommodation of working as a welder and fabricator.

27. Defendant, without any legitimate reason, removed Plaintiff from his assignment as a welder and fabricator from June of 2021 until January of 2022.

28. Defendant's decision to remove Plaintiff from his job duties as a welder and fabricator and to fail to accommodate him constitutes disability discrimination in violation of the New Jersey Law Against Discrimination.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

(A) award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits and other damages;

(B) award reasonable costs and attorney's fees;

4

(C) award punitive damages;

(D) grant any other relief that this Court deems just and proper under the circumstance.

### COUNT II - RETALIATION - LAD

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 of this Complaint as though same were fully set forth at length herein.

30. Plaintiff engaged in protected activity when he notified his employer of his disability when he was first hired and again during the period of June of 2021 through January of 2022 when he requested the accommodation of working as a welder and fabricator.

31. Any reasons articulated by Defendant for failing to accommodate Plaintiff between June of 2021 and January of 2022 are false and constitute a pretext.

32. The failure of Defendant to accommodate Plaintiff constitutes retaliation in violation of the LAD.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

(A) award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits and other damages;

(B) award reasonable costs and attorney's fees;

(C) award punitive damages;

(D) grant any other relief that this Court deems just and proper under the circumstance.

### COUNT III - ADAAA

33. Plaintiff hereby incorporates by reference paragraphs 1 through 32 of this Complaint

5

as though same were fully set forth at length herein.

34. At all times relevant hereto, Plaintiff suffered from a disability that substantially limits one or more of his major life activities.

35. At all times relevant hereto, Plaintiff had a record of suffering from a disability that substantially limits one or more of his major life activities.

36. At all times relevant hereto, Defendant regarded Plaintiff as suffering from a disability that substantially limits one or more of his major life activities.

37. At all times relevant hereto, Defendant perceived Plaintiff as suffering from a disability that substantially limits one or more of his major life activities.

38. At all times relevant, Plaintiff was able to perform, at a high level, the job duties of welder and fabricator even though he has a visual impairment.

39. Plaintiff was entitled to, but denied for a period of more than seven months, the accommodation of working as welder and fabricator under the job title Repairman.

40. During this time period, Defendant failed to engage in the interactive process with Plaintiff.

41. Plaintiff suffered retaliation as a result of being removed the job duties of welder and fabricator from June of 2021 through January of 2022.

42. Defendant's aforesaid conduct constitutes disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, as amended.

43. Plaintiff has exhausted his administrative remedies and has received a right to sue letter.

44. Defendant's conduct has caused Plaintiff to suffer severe economic hardship.

6

45. As a result of Defendant's conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, anxiety and pain and suffering.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

(A) award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits and other damages;

(B) award reasonable costs and attorney's fees;

(C) award punitive damages;

(D) grant any other relief that this Court deems just and proper under the circumstance.

### JURY TRIAL

Plaintiff demands a jury trial.

### TRIAL DESIGNATION

PLEASE TAKE NOTICE that pursuant to Rule 4:25-1, WILLIAM J. FOX, ESQURE, is hereby designated as trial counsel in the above matter.

### CERTIFICATION PURSUANT TO RULE 4:5-1(B)(3)

Pursuant to Rule 4:5-1(b)(3), and in compliance with Rule 1:38-7c, the undersigned counsel hereby certifies that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

_____
WILLIAM J. FOX, ESQUIRE
Attorney for Plaintiff

7

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-002911-23**

**Case Caption:** SPENCER JOSEPH VS NATIONAL R.R. PASSEN GER CORP
**Case Initiation Date:** 10/17/2023
**Attorney Name:** WILLIAM JOSEPH FOX
**Firm Name:** WILLIAM J. FOX
**Address:** 1626 PINE ST
PHILADELPHIA PA 19103
**Phone:** 2155462477
**Name of Party:** PLAINTIFF : Spencer, Joseph, H
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** Joseph H Spencer? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/17/2023
Dated

/s/ WILLIAM JOSEPH FOX
Signed

# EXHIBIT 2

Amber Spataro, Esq. (N.J. Bar No. 036892008)
Jessica Pooran, Esq. (N.J. Bar No. 336962021)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
National Railroad Passenger Corporation.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH H. SPENCER,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORP., A/K/A AMTRAK,<br><br>    Defendant. | Civil Action No. 1:23-cv-23307<br><br>**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**<br><br>**Electronically Filed** |

**TO:** Mr. William J. Fox, Esq.
Law Offices of William J. Fox, P.C.
1626 Pine Street, Philadelphia, PA 19103

**PLEASE TAKE NOTICE** that Defendant National Railroad Passenger Corporation a/k/a Amtrak ("Defendant") has filed a Notice of Removal of the above-captioned action from the Superior Court of New Jersey, Law Division, Camden County to the United States District Court for the District of New Jersey on this 22nd day of December 2023. A copy of the Notice of Removal is attached and incorporated.

                                            **LITTLER MENDELSON, P.C.**
                                            Attorneys for Defendant
                                            National Railroad Passenger Corporation,


                                            By:    */s/ Amber Spataro Esq.*
                                                   Amber Spataro, Esq.
                                                   Jessica Pooran, Esq.

Dated: December 22, 2023